UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID SMITH,

    Plaintiff,

    v.      CAUSE NO. 3:18-CV-639-RLM-MGG

MARK SEVIER, et al.,

    Defendants.

OPINION AND ORDER

David Smith, a prisoner without a lawyer, filed a complaint (ECF 9) against eleven defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Smith, now housed at the Westville Correctional Facility, alleges that, beginning on August 8, 2018, when he arrived at the facility, and continuing through the present time, he hasn't received constitutionally adequate medical care for his mental health impairments. He represents that his electronic medical records document that he suffers from "significant functional impairments," caused by his depression, including suicidal ideation, self-mutilation, and self-

inflicted injuries. Mr. Smith asserts that he consistently reported his suicidal ideation, including his suicide plans, intentions, and attempts to the defendants. He claims that his episodes of decompensation caused him to engage in twenty-five acts of self-inflicted injuries during a thirteen-month period. Mr. Smith's suicide attempts included cutting himself and swallowing pens and pencils, resulting in open wounds requiring stitches and surgery to remove foreign objects from his body. He claims that his mental health impairments have prevented him from being able to adjust to his placement in the prison's restrictive housing unit and he needs psychotropic medication to combat his symptoms.

Mr. Smith alleges that Dr. Gary Durak, a psychologist, Dr. Monica Wala, a psychologist, Dr. Barbara Eichman, a psychiatrist, Michelle Boren, a mental health professional, and Richard Usdowski, a mental health professional, violated his Eighth Amendment right against cruel and unusual punishment because they were deliberately indifferent to his serious need for mental health treatment. He claims he repeatedly told these defendants that he suffered from suicidal ideation and had tried to kill himself, but they didn't develop an individualized mental health treatment plan for him or prescribe psychotropic medications to alleviate his symptoms. Mr. Smith says that these five defendants were aware of his functional limitations as well as his loss of adaptive functioning while he was housed in the restrictive housing unit. Thus, they were aware that he might harm himself because his placement in the restrictive housing unit exacerbated his mental illness and caused his suicidal ideation to escalate.

2

Mr. Smith further asserts that Drs. Durak, Wala, and Eichman, Ms. Boren, and Mr. Usdowski never accurately diagnosed his depression and purposely misdiagnosed his condition so that they could prolong his confinement in the restrictive housing unit. In particular, he says Dr. Eichman decided that he didn't need psychotropic medication and Ms. Boren and Mr. Usdowski refused to monitor his condition and refer him for evaluations. Mr. Smith also says that Drs. Durak, Wala, and Eichman, Ms. Boren, and Mr. Usdowski falsified his medical records to show his mental illness wasn't serious and he was receiving mental health treatment when he had not received any of the treatment noted in his records. He further claims that these five defendants failed to investigate whether the thirty disciplinary conduct reports he received stemmed from his mental illness.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to

3

do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Giving Mr. Smith the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of deliberate indifference to his serious need for medical treatment for his mental illness against Drs. Durak, Wala, and Eichman, Ms. Boren, and Mr. Usdowski.

To the extent Mr. Smith claims that Warden Mark Sevier and Warden John Galipeau also failed to investigate whether the thirty disciplinary conduct reports he received stemmed from his mental illness, he hasn't alleged that they were personally involved in his medical care. A suit against an individual under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). There is no general *respondeat superior* liability under § 1983, meaning defendants can't be held liable simply because they oversee operations at the prison or supervise prison officers. See Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Smith can't proceed against Wardens Sevier and Galipeau on this claim.

Mr. Smith claims that Wardens Sevier and Galipeau, Drs. Durak, Wala, and Eichman, Ms. Boren, Mr. Usdowski, Correctional Captains Smiley and Lewis, and Correctional Officer John Salyer forced him to sleep on the prison's concrete floor and iron bed frames to intimidate and deter him from reporting his suicidal ideations. It can be inferred that he says these conditions persisted for months, which exacerbated his mental illness and caused him unnecessary suffering.

In an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates can't expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also* Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). Giving Mr. Smith the favorable inferences to which he is entitled at this stage, he states a plausible Eighth Amendment conditions of confinement claim against Wardens Sevier and

5

Galipeau, Drs. Durak, Wala, and Eichman, Ms. Boren, Mr. Usdowski, Correctional Captains Smiley and Lewis, and Correctional Officer John Salyer for failing to provide him with adequate bedding.

Mr. Smith also has sued Wexford of Indiana, a corporate entity that provides medical care to inmates. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Smith asserts that Wexford encourages its medical staff to delay and deny necessary medical care to inmates, and consistent with that policy, he was denied crucial treatment for his mental illness. Giving Mr. Smith the favorable inferences to which he is entitled at this stage, he has stated a claim upon which relief can be granted against Wexford.

For these reasons, the court:

(1) GRANTS David Smith leave to proceed against Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, and Richard Usdowski in their individual capacities for compensatory and punitive damages, for being deliberately indifferent to his serious need for medical treatment for his mental illness, in violation of the Eighth Amendment;

(2) GRANTS Mr. Smith leave to proceed against Warden Mark Sevier, Warden John Galipeau, Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, Richard Usdowski, Correctional Captain Smiley, Correctional Captain Lewis, and Correctional Officer John Salyer in their

6

individual capacities for compensatory and punitive damages, for failing to provide him with adequate bedding, in violation of the Eighth Amendment;

(3) GRANTS Mr. Smith leave to proceed against Wexford of Indiana for compensatory and punitive damages for following a custom or policy of delaying and denying necessary medical care, resulting in him receiving inadequate care for his mental illness, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, and Richard Usdowski at Wexford of Indiana with a copy of this order and the complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d)

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Mark Sevier, Warden John Galipeau, Correctional Captain Smiley, Correctional Captain Lewis, and Correctional Officer John Salyer at the Indiana Department of Correction with a copy of this order and the complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Wexford of Indiana at 9245 N. Meridian Street, Indianapolis, IN 46260 with a copy of this order and the complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Wexford of Indiana to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Mark Sevier, Warden John Galipeau, Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, Richard Usdowski, Correctional Captain Smiley, Correctional Captain Lewis, Correctional Officer John Salyer, and Wexford of Indiana respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT