UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID SMITH,

      Plaintiff,

      v.                               CAUSE NO. 3:18-CV-639-RLM-MGG

MARK SEVIER, et al.,

      Defendants.

## OPINION AND ORDER

David Smith, a prisoner without a lawyer, has been granted leave to proceed on three claims. ECF 19. With respect to his first claim, he is proceeding against Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, and Richard Usdowski for being deliberately indifferent to his serious need for treatment for his mental illness, in violation of the Eighth Amendment. *Id.* at 6. As to his second claim, Mr. Smith proceeds against Warden Mark Sevier, Warden John Galipeau, Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, Richard Usdowski, Correctional Captain Smiley, Correctional Captain Lewis, and Correctional Officer John Salyer for failing to provide him with adequate bedding, in violation of the Eighth Amendment. *Id.* at 6-7. With regard to his third claim, he proceeds against Wexford of Indiana for following a custom or policy of delaying and denying necessary medical care, which caused him to receive inadequate care for his mental illness, in violation of the Eighth Amendment. *Id.* at 7.

Mr. Smith now seeks a preliminary injunction against the defendants for their alleged retaliatory acts of deliberate indifference to his serious mental illness. ECF 55. He says asserts that since he filed his complaint, he has been hospitalized multiple times for self-inflicted injuries due to his lapses in psychological clarity. *Id.* at 2. He states that after each hospitalization, the prison's mental health staff failed to properly evaluate his illness and provide him with appropriate mental health treatment. *Id.* He asks to undergo a psychological evaluation so that a treatment plan can be developed to address his mental health issues. *Id.* at 3. Mr. Smith also asks to be transferred to a facility that has been established solely for the purpose of treating individuals with mental health issues. *Id.*

A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008).

Mr. Smith isn't proceeding on a retaliation claim, so injunctive relief for alleged retaliation is unavailable to him. Mr. Smith is unhappy with the mental health treatment that he has received and wants different treatment, he isn't entitled to demand specific care, and he isn't entitled to the "best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). The allegations in

his motion are vague and it's not clear how the care he has received is allegedly deficient. He has provided the court with no specific details about his hospitalizations, the incidents that led to his hospitalization, or his care upon return from the hospital. In short, he hasn't shown that he is likely to succeed on the merits of any claim that he has been granted leave to proceed on and he has not demonstrated that he will suffer irreparable harm in the absence of an injunction. There is no basis for the court to issue the requested injunction.

For these reasons, the court DENIES the motion (ECF 55) for a preliminary injunction.

SO ORDERED on December 9, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT