UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID SMITH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-639-RLM-MGG |
| MARK SEVIER, et al., | |
| Defendants. | |

OPINION AND ORDER

David Smith, a prisoner without a lawyer, is proceeding in this case on three claims. First, Mr. Smith is proceeding "against Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, and Richard Usdowski in their individual capacities for compensatory and punitive damages, for being deliberately indifferent to his serious need for medical treatment for his mental illness, in violation of the Eighth Amendment[.]" ECF 19. at 6. Second, he is proceeding "against Warden Mark Sevier, Warden John Galipeau, Dr. Gary Durak, Dr. Monica Wala, Dr. Barbara Eichman, Michelle Boren, Richard Usdowski, Correctional Captain Smiley, Correctional Captain Lewis, and Correctional Officer John Salyer in their individual capacities for compensatory and punitive damages, for failing to provide him with adequate bedding, in violation of the Eighth Amendment[.]" *Id.* at 6-7. Lastly, Mr. Smith is proceeding "against Wexford of Indiana for compensatory and punitive damages for following a custom or policy of delaying and denying necessary medical care, resulting in him receiving inadequate care for his mental illness, in violation of

the Eighth Amendment[.]" Id. at 7. In November 2020, the defendants filed a joint motion for summary judgment arguing Mr. Smith didn't exhaust his administrative remedies before filing suit. ECF 50. With the motion, the defendants provided Mr. Smith the notice required by N.D. Ind. L.R. 56-1(f). ECF 53. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Mr. Smith received several time extensions to respond to the summary judgment motion and was eventually granted until June 25, 2021, to file a response. This deadline passed more than a month ago, and Mr. Smith hasn't filed a response, so the court will rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't just rely on allegations or

2

denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Smith hasn't responded to the defendants' summary judgment motion, he hasn't properly addressed their assertions of fact and the court accepts these facts as undisputed:

> [Mr. Smith] alleges that, while incarcerated at Westville Correctional Facility (hereinafter, "WCF"), his constitutional rights were violated when Defendants, on August 8, 2018[,] and thereafter, were deliberately indifferent towards [Mr. Smith's] objectively serious medical need. *See*, *generally*, ECF Nos. 9 and 19. [Mr. Smith] alleges that this lack of treatment by Defendants amounts to a violation of his Eighth Amendment rights. *Id*. [Mr. Smith] also alleges that Defendants forced him to sleep on the concrete floor of his cell for months in an attempt to deter him from reporting his suicidal thoughts. *Id*. [Mr. Smith] alleges that these conditions of his confinement amount to a violation of his Eighth Amendment rights. *Id*.
> . . .
> The IDOC policy governing the Offender Grievance Process is entitled "IDOC Policy and Administrative Procedure 00-02-301, the Offender Grievance Process" (hereinafter, "Offender Grievance Process"). *See,* [ECF 52-1] at ¶ 6. [ ] As an inmate within the Indiana Department of Correction, the Offender Grievance Process was, at all times during his incarceration, available to [Mr. Smith]. See, *Id*., at ¶8.
> . . .
> The grievance process begins with the informal resolution process. *Id.,* at ¶10. Before filing a grievance, an offender is required to attempt to resolve a complaint informally and provide evidence (e.g.,

"To/From" correspondence, State Form 36935, "Request for Interview") of said attempt. *Id.* If the offender is unable to informally resolve his complaint, the offender must submit a completed State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. *Id.* at ¶11. The grievance is then screened by the Offender Grievance Specialist within five (5) days to determine whether the submitted grievance meets the requirements for the formal grievance as set forth in the IDOC grievance policy. *Id.* at ¶¶13-14. The Offender Grievance Specialist must then either return an unacceptable form or provide a receipt for an accepted form. *Id.* at ¶12. The Offender Grievance Specialist may reject the grievance form and return it to the offender unfiled if it does not meet the criteria outlined in the IDOC policy. *Id.* at ¶17. [ ] It is the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender. *Id.* [at ¶15.]

If the grievance is accepted, the Offender Grievance Specialist has fifteen (15) business days from the date the grievance is received to complete an investigation and provide a response to the offender, unless the time has been extended. *Id.* at ¶19. [ ] If the offender is dissatisfied with the grievance response or receives no grievance response, the offender may appeal the response by completing the appropriate sections of State Form 45473, "Grievance Appeal." *Id.* at ¶22. [ ] Warden/designee response to the offender appeals shall be completed within five (5) days of receipt of the appeal. *Id.* at ¶24. [ ] If, after receipt of the appeal response, the offender is still dissatisfied, or no response is received within the time frame, he/she may appeal to the Department Offender Grievance Manager. *Id.* at ¶25.

. . .

Exhaustion of the grievance process requires an offender to attempt an informal resolution, to file a formal grievance, file an appeal with the Warden/Designee, and to file a second appeal with Offender Grievance Manager. *Id.* at [¶30]. The records maintained by IDOC and [WCF] document whether an offender followed these steps including filing an informal grievance, filing a formal grievance, and filing two appeals. *Id.* at [¶32].

[WCF's Grievance Specialist] has reviewed the records contained in the OGRE system and the grievance records for [Mr. Smith] who was housed at [WCF] when the alleged incident occurred. *Id.* at ¶33-35. The grievance records reflect that [Mr. Smith] failed to exhaust his administrative remedies because he did not appeal a determination made after filing a grievance pertaining to treatment for his mental illness on February 20, 2019. *Id.*, at ¶¶36-38. The grievance records

4

> reflect that [Mr. Smith] attempted to submit a grievance on October 2, 2020[,] pertaining to treatment for his mental illness. *Id.*, at ¶39. This grievance was rejected and returned to Mr. Smith because he failed to provide any evidence that he first attempted to informally resolve his complaint before filing a grievance. *Id.*, at ¶40. [Mr. Smith] attached an Offender Grievance Form [dated May 28, 2019,] as an exhibit to his Complaint in an attempt to show that he exhausted his administrative remedies prior to filing his Complaint, which purports to grieve treatment for his mental illness. [WCF's Grievance Specialist] never received this document. *Id.*, at ¶43. Even if [WCF's Grievance Specialist] did receive this document – which he did not – Offender Smith nonetheless failed to abide by the Offender Grievance Process to exhaust his administrative remedies prior to filing his Complaint. *Id.*, at ¶¶ 44-45. Plaintiff never filed any grievance documents – or attempted to file any grievance documents – pertaining to his bedding. *Id.*, at ¶46. Therefore, Offender Smith failed to exhaust his administrative remedies available to him regarding the complaints he has made against Defendants. *Id.*, at ¶47.

ECF 51 at 2-7 (citations in original). WCF's Grievance Specialist attests that (1) he never received Mr. Smith's May 28 grievance, and (2) even if Mr. Smith submitted his May 28 grievance to the grievance office, Mr. Smith didn't comply with the Offender Grievance Process' requirements to (a) notify the Grievance Specialist after he received no receipt for this grievance, and (b) appeal this grievance after he received no response within 20 days of submitting the grievance. ECF 52-1 at ¶44-45.

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless,

5

"[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The undisputed facts show Mr. Smith didn't properly exhaust any formal grievance related to his claims in this lawsuit. It's undisputed that: (1) Mr. Smith didn't appeal the denial of his February 20 grievance; (2) Mr. Smith's October 2 grievance was rejected because it didn't include evidence of an attempt at an informal resolution; (3) Mr. Smith didn't submit his May 28 grievance to the grievance office; and (4) even if Mr. Smith did submit his May 28 grievance, he didn't comply with the Grievance Policy's requirements to notify the Grievance Specialist he received no receipt for this grievance and to appeal this grievance after he received no response. As a result, Mr. Smith didn't exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 50);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Mr. Smith.

SO ORDERED on August 2, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

7