UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID SMITH,

    Plaintiff,

        v.         CAUSE NO. 3:18-CV-639-RLM-MGG

MARK SEVIER, et al.,

    Defendants.

## OPINION AND ORDER

David Smith, a prisoner without a lawyer, moves the court to reopen this case. ECF 83. On August 2, 2021, after the time expired for Mr. Smith to file a response to the defendants' summary judgment motion, the court granted the defendants' summary judgment motion and dismissed this case. ECF 79, 80. On November 23, Mr. Smith sent the court a letter asserting that he sent a response to the summary judgment motion to the court, but the court didn't receive it. ECF 83. Mr. Smith says he didn't know his case had been dismissed until after he wrote the court a letter on October 21, 2021. *Id.* The court construed that letter as a Fed. R. Civ. P. 60(b) motion to reopen this case and told Mr. Smith to send a copy of his response to the defendants' summary judgment motion. ECF 84. Mr. Smith sent a copy of his response to the summary judgment motion. ECF 88. The defendants then filed a response to Mr. Smith's construed Rule 60(b) motion. ECF 89.

In their response, the defendants argue Mr. Smith's Rule 60(b) motion should be denied for two reasons. First, the defendants argue Mr. Smith doesn't provide any

newly discovered evidence within the meaning of Rule 60(b)(2) because Mr. Smith knew all the relevant information when his response to the summary judgment motion was originally due. But Mr. Smith's Rule 60(b) motion is proceeding under Rule 60(b)(1), not Rule 60(b)(2). Second, the defendants argue Mr. Smith has provided no evidence to justify reopening his case under Rule 60(b)(1), as he offers no evidence he tried to submit a timely response to the summary judgment motion or that his failure to respond was the result of mistake, inadvertence, surprise, or excusable neglect. Mr. Smith asserted in his letter to the court that he tried to submit a timely response to the summary judgment motion and he didn't know his case had been dismissed until after he wrote the court a letter on October 21, 2021, but he hasn't provided any evidence in support of these assertions. The court therefore instructs Mr. Smith to file a reply to the defendants' response demonstrating and providing evidence showing he is entitled to relief under Rule 60(b)(1). Specifically, Mr. Smith must provide evidence showing (1) what steps he took to submit a timely response to the defendants' summary judgment motion, including how and when he mailed his response, and (2) that he didn't receive this court's August 2, 2021, order before October 21, 2021.

   Mr. Smith also asks the court to appoint him counsel. ECF 90. The court denied his previous request on December 16, 2021. ECF 84. Mr. Smith doesn't need a lawyer because the court is simply asking him to provide evidence or explain what steps he took to submit a timely response to the defendants' summary judgment motion and also to provide evidence that he didn't receive the court's August 2021, order before

2

October 21, 2021. He doesn't need a lawyer to provide this information to the court. Mr. Smith has this information himself and can provide it to the court. The court denies his motion for counsel.

For these reasons, the court:

(1) ORDERS David Smith to file a reply to the defendants' response to his Rule 60(b) motion on or before March 18, 2022;

(2) GRANTS the defendants until April 8, 2022, to respond to that filing; and

(3) DENIES David Smith's motion for the appointment of counsel (ECF 90).

SO ORDERED on February 22, 2022

                                        s/ Robert L. Miller, Jr.
                                        JUDGE
                                        UNITED STATES DISTRICT COURT