UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID SMITH, <br><br> Plaintiff, <br><br> v. <br><br> MARK SEVIER, et al., <br><br> Defendants. | CAUSE NO. 3:18-CV-639-RLM-MGG |

OPINION AND ORDER

David Smith, a prisoner without a lawyer, moves the court to reopen this case. On August 2, 2021, after the time expired for Mr. Smith to file a response to the defendants' summary judgment motion, the court granted the defendants' summary judgment motion and dismissed this case. ECF 79, 80. On November 23, Mr. Smith sent the court a letter saying that he sent a response to the summary judgment motion to the court, but the court didn't get it. ECF 83. Mr. Smith further asserted he didn't know his case had been dismissed until after he wrote the court a letter on October 21, 2021. *Id.* The court construed Mr. Smith's letter as a Fed. R. Civ. P. 60(b) motion to reopen this case. The defendants filed a response to Mr. Smith's construed Rule 60(b) motion, asserting he hadn't provided any evidence he tried to submit a timely response to the summary judgment motion or that his failure to respond was the result of mistake, inadvertence, surprise, or excusable neglect. The court instructed Mr. Smith to file a reply to the defendants' response demonstrating and providing evidence showing he is entitled to relief under Rule 60(b)(1). The court instructed Mr. Smith to provide

evidence showing (1) what steps he took to submit a timely response to the defendants' summary judgment motion, including how and when he mailed his response, and (2) that he did not receive this court's August 2 order before October 21.

Mr. Smith has now filed a reply to the defendant's response, titled as a motion to introduce evidence. ECF 92. Mr. Smith's motion doesn't address whether he is entitled to relief under Rule 60(b)(1). He attaches numerous exhibits, consisting of various medical records, requests for health care, and offender grievances. ECF 92-1. But none of this evidence shows he is entitled to relief under Rule 60(b)(1), because it doesn't show what steps he took to timely submit a response to the defendants' summary judgment motion or lack of receipt of the court's August 2 order before October 21. Mr. Smith hasn't demonstrated he is entitled to relief under Rule 60(b).

For these reasons, the court DENIES Mr. Smith's Rule 60(b) motion (ECF 83) and DENIES AS MOOT his motion to introduce evidence (ECF 92).

SO ORDERED this 18th day of April, 2022.

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT